**SO ORDERED.**

**SIGNED September 30, 2010.**



_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA**

**IN RE:**

**JOHN EASTWOOD**                                          **CASE NO. 10-20015**

    **Debtor**                                                  **Chapter 13**

---

**POLARIS CONSTRUCTION, INC.**

    **Plaintiff**

**VERSUS**                                          **ADV. PROCEEDING NO. 10-2003**

**JOHN EASTWOOD**

    **Defendant**

---
**REASONS FOR DECISION**
---

On January 6, 2010, John Eastwood ("Debtor") filed a voluntary chapter 13 petition for relief. Subsequently, Polaris Construction, Inc. ("Polaris") commenced the present Complaint seeking to determine the dischargeability of a debt owed to Polaris

by the Debtor.  The court took the matter under advisement following a trial on the merits.  The court rules on Polaris' claims as follows.

## JURISDICTION

The court has jurisdiction over the matters asserted in this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(a).  This matter is a core proceeding in which this court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(I) and (J).  The following Reasons for Decision shall constitute the court's findings of fact and conclusions of law.

## BACKGROUND

In 2009, Debtor was employed with Polaris.  Early that year, the Debtor requested a $17,800 loan from Polaris to pay past due child support.  Debtor agreed to repay the loan through deductions from his paycheck.  Starting in February 2009, Polaris began deducting $300 from each of the Debtor's weekly paychecks.  Debtor resigned from his job with Polaris in May 2009 after having made 13 payments on the obligation.  At that time, Debtor agreed to sign a promissory note regarding the balance owed on the loan at the request of Polaris.  On June 1, 2009, Debtor signed a promissory note in the amount of $13,900.  Debtor did not make any further payments on the obligation.  Polaris contends that this debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**LAW AND ANALYSIS**

A creditor has the burden of proof in an action to determine the dischargeability of a debt under section 523(a). Grogan v. Garner, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "Intertwined with this burden is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." Hudson v. Raggio & Raggio, Inc. (In re Hudson), 107 F.3d 355, 356 (5th Cir. 1997). Accordingly, a creditor must establish each and every element of a statutory exception to discharge under 11 U.S.C. § 523 et seq. by a preponderance of the evidence.

Section 523(a)(2)(A) provides that "money, property, services, or an extension, renewal, or refinancing of credit" that is obtained through "false pretenses, a false representation, or actual fraud" is subject to exception from a debtor's discharge. 11 U.S.C. § 523(a)(2)(A). In order for a debt to fall within section 523(a)(2)(A), the debtor's fraud or false representation must involve the debtor's "moral turpitude or intentional wrong." Vizzini v. Vizzini ( In re Vizzini), 348 B.R. 339, 343 (Bankr. E.D. La. 2005), aff'd, 234 Fed. Appx. 234 (5th Cir. 2007) (quoting In re Chavez, 140 B.R. 413, 419 (Bankr. W.D. Tex. 1992)). In order to deny discharge of a debt under section 523(a)(2)(A), the plaintiff

Page 3

must prove that: (1) debtors made representations; (2) debtors knew the representations were false at the time they were made; (3) debtors made the representations with the intent to deceive plaintiffs; (4) plaintiff relied on these misrepresentations; (5) plaintiff's injury was sustained as a proximate result of the representations having been made by debtors. <u>In re Bercier</u>, 934 F.2d 689, 692 (5th Cir. 1991); <u>RecoverEdge L.P. v. Pentecost</u>, 44 F.3d 1284, 1293 (5th Cir. 1995).

In the instant case, Polaris argues that there should be a presumption of fraudulent intent since the Debtor failed to make a single payment on the promissory note. Polaris also asserts that the Debtor's use of a dischargeable loan to pay a non-dischargeable debt – the child support debt – demonstrates that he acted with fraudulent intent. The court has reviewed the evidence and finds that Polaris has failed to meet its burden. Although the Debtor concedes that he did not make any payments after signing the promissory note, the debt to Polaris did not arise with the signing of the promissory note. This debt arose at the time that the Debtor originally borrowed the funds from Polaris. The promissory note merely documented the pre-existing loan; Polaris provided no additional consideration, nor did the note renew or extend the loan. With respect to whether the Debtor committed fraud, a debtor's promise of future performance does not constitute

Page 4

actionable fraud unless the debtor did not intend to perform at the moment he made his promise.  <u>Matter of Haber Oil Co., Inc.</u>, 12 F.3d 426, 439-40 (5th Cir. 1994).  Here, Polaris has not established by a preponderance of the evidence that at the time the Debtor originally borrowed the funds from Polaris that he had no intent to repay the obligation.  In fact, the Debtor made 13 payments on the original obligation.  Moreover, even if the court had determined that the debt arose at the time the promissory note was executed, Polaris has still not satisfied its burden of proving fraudulent intent at the time the note was executed.  The record does not support Polaris' position that the Debtor left his employment at Polaris in order to avoid paying the debt or that, at the time he signed the promissory note, he did not intend to pay it.

For the foregoing reasons, the court finds that Polaris has failed to satisfy its burden of establishing that the debt was a result of false pretenses, a false representation, or actual fraud.  As such, the debt owed to Polaris is dischargeable and the Complaint is **DISMISSED**.

Debtor has requested an award of attorney fees and costs under section 523(d) which provides that fees and costs may be awarded if the court finds that "the position of the creditor was not substantially justified."  While the court has ruled that Polaris did not meet it's burden, the court does not find that the position

or arguments asserted by Polaris were not substantially justified. Accordingly, Debtor's request for fees and costs is **DENIED.**

Counsel for Debtor shall submit a judgment in conformity with the foregoing reasons within 20 days.

###